**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | CIVIL ACTION NO: |
| **Plaintiff** | **COMPLAINT** |
| vs. | |
| Shannon R. Moore a/k/a Shannon Slaughter | RE: 69 Veranda Street, Portland, ME 04103 |
| **Defendant** | |
| Steve Thomes | Mortgage: November 22, 2005 |
| **Party-In-Interest** | Book 23455, Page 67 |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs.  Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank

Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, is the obligor and the total amount owed under the terms of the Note is Two Hundred Eighty-Three Thousand Two Hundred Thirty-Three and 05/100 ($283,233.05) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a national association with a principal place of business located at 425 Walnut Street, Cincinnati, OH 45205.

5. The Defendant, Shannon R. Moore a/k/a Shannon Slaughter, is a resident of Portland, County of Cumberland and State of Maine.

6. The Party-in-Interest, Steve Thomes, is located at 85 Oakhurst Road, Cape Elizabeth, ME 04107.

## FACTS

7. On November 30, 2001, by virtue of a Warranty Deed from Thomas S. Farmer and Darla J. Farmer, which is recorded in the Cumberland County Registry of Deeds in **Book 17037, Page 262**, the property situated at 69 Veranda Street, County of Cumberland, and State of Maine, was conveyed to the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, being

more particularly described by the attached legal description.  *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8.  On November 22, 2005, the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, executed and delivered to Wilmington Finance, a division of AIG Federal Savings Bank a certain Note in the amount of $220,000.00.  Defendant, Shannon R. Moore a/k/a Shannon Slaughter's, personal liability is limited and/or extinguished by a Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge.  *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9.  To secure said Note, on November 22, 2005, the Defendant executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Wilmington Finance, a division of AIG Federal Savings Bank, securing the property located at 69 Veranda Street, Portland, ME 04103 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 23455**, **Page 67**.  *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Aurora Loan Services LLC by virtue of an Assignment of Mortgage dated September 4, 2008 and recorded in the Cumberland County Registry of Deeds in **Book 26354**, **Page 83**.  *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to U.S. Bank, N.A., as trustee for SASCO Mortgage Loan Trust 2007-RNP1 by virtue of an Assignment of Mortgage dated July 10, 2012 and recorded in the Cumberland County Registry of Deeds in **Book 29813**, **Page 54**.  *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was assigned to The CIT Group/Consumer Finance Inc. by virtue of a Quitclaim Assignment dated November 17, 2015 and recorded in the Cumberland County Registry of Deeds in **Book 32824**, **Page 139**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

13. The Mortgage was then assigned to DLJ Mortgage Capital, Inc. by virtue of an Assignment of Mortgage dated January 4, 2016 and recorded in the Cumberland County Registry of Deeds in **Book 32859**, **Page 188**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated December 2, 2016 and recorded in the Cumberland County Registry of Deeds in **Book 33662**, **Page 277**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. On February 27, 2013, the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, executed a Home Affordable Modification Agreement which increased the principal amount of the Note to $230,760.00 (herein after referred to as the "Loan Modification"). *See* Exhibit I (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

16. On February 15, 2019, the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit J (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

17. The Demand Letter informed the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, of the payment due date, the total amount necessary to cure the default, and the deadline by

which the default must be cured, which was thirty-five (35) days from receipt of the

Demand Letter. *See* Exhibit J.

18. The Defendant, Shannon R. Moore a/k/a Shannon Slaughter, failed to cure the default prior

to the expiration of the Demand Letter.

19. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the

present holder of the Note pursuant to endorsement by the previous holder (if applicable),

payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-

1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the

lawful holder and owner of the Note and Mortgage.

21. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, hereby

certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14

M.R.S.A. § 6111 were strictly performed.

22. Steve Thomes is a Party-in-Interest pursuant to a Mortgage in the amount of $21,000.00

dated October 29, 2015, and recorded in the Cumberland County Registry of Deeds in

**Book 32697**, **Page 264** and is in second position behind Plaintiff's Mortgage.

23. The total debt owed under the Note and Mortgage as of May 2, 2019 is Two Hundred

Eighty-Three Thousand Two Hundred Thirty-Three and 05/100 ($283,233.05) Dollars,

which includes:

| Description | Amount |
|---|---|
| Principal Balance | $215,387.17 |
| Interest | $27,033.88 |
| Escrow/Impound Required | $27,230.44 |
| Late Fees | $133.06 |
| Total Advances | $1,051.50 |
| Deferred Amounts | $12,397.00 |

Grand Total $283,233.05

24. Upon information and belief, the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

25. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 25 as if fully set forth herein.

26. This is an action for foreclosure respecting a real estate related Mortgage and title located at 69 Veranda Street, Portland, County of Cumberland, and State of Maine. *See* Exhibit A.

27. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, has the right to foreclosure upon the subject property.

28. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

29. The Defendant, Shannon R. Moore a/k/a Shannon Slaughter, is presently in default on said Mortgage and Note, having failed to make the monthly payment due November 1, 2013, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

30. The total debt owed under the Note and Mortgage as of May 2, 2019 is Two Hundred Eighty-Three Thousand Two Hundred Thirty-Three and 05/100 ($283,233.05) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $215,387.17 |
| Interest | $27,033.88 |
| Escrow/Impound Required | $27,230.44 |
| Late Fees | $133.06 |
| Total Advances | $1,051.50 |
| Deferred Amounts | $12,397.00 |
| Grand Total | $283,233.05 |

31. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

32. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate, as affected by Defendant, Shannon R. Moore a/k/a Shannon Slaughter's, discharge in bankruptcy and, accordingly, this action does not seek any personal liability on the part of the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, but only seeks in rem judgment against the property.

33. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, on February 15, 2019, evidenced by the Certificate of Mailing.. *See* Exhibit J.

34. The Defendant, Shannon R. Moore a/k/a Shannon Slaughter, is not in the Military as evidenced by the attached Exhibit K.

## COUNT II – BREACH OF NOTE

35. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. On November 22, 2005, the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, executed and delivered to Wilmington Finance, a division of AIG Federal Savings Bank a certain Note in the amount of $220,000.00. *See* Exhibit B.

37. The Defendant, Shannon R. Moore a/k/a Shannon Slaughter, as affected by Defendant's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property, is in default for failure to properly tender the November 1, 2013 payment and all subsequent payments. *See* Exhibit J.

38. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Shannon R. Moore a/k/a Shannon Slaughter.

39. The Defendant, Shannon R. Moore a/k/a Shannon Slaughter, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

40. The Defendant Shannon R. Moore a/k/a Shannon Slaughter's breach is knowing, willful, and continuing.

41. The Defendant Shannon R. Moore a/k/a Shannon Slaughter's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

42. The total debt owed under the Note and Mortgage as of May 2, 2019, if no payments are made, is Two Hundred Eighty-Three Thousand Two Hundred Thirty-Three and 05/100 ($283,233.05) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $215,387.17 |

| | |
|---|---|
| Interest | $27,033.88 |
| Escrow/Impound Required | $27,230.44 |
| Late Fees | $133.06 |
| Total Advances | $1,051.50 |
| Deferred Amounts | $12,397.00 |
| Grand Total | $283,233.05 |

43. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

44. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 43 as if fully set forth herein.

45. By executing, under seal, and delivering the Note, the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, entered into a written contract with Wilmington Finance, a division of AIG Federal Savings Bank who agreed to loan the amount of $220,000.00 to the Defendant. *See* Exhibit B.

46. As part of this contract and transaction, the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

47. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Wilmington Finance, a division of AIG Federal Savings Bank, and has performed its obligations under the Note and Mortgage.

48. The Defendant, Shannon R. Moore a/k/a Shannon Slaughter, as affected by Defendant's discharge in bankruptcy and, accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property, breached the terms of the Note and Mortgage by failing to properly tender the November 1, 2013 payment and all subsequent payments. *See* Exhibit J.

49. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Shannon R. Moore a/k/a Shannon Slaughter.

50. The Defendant, Shannon R. Moore a/k/a Shannon Slaughter, as affected by Defendant's discharge in bankruptcy and, accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

51. The Defendant, Shannon R. Moore a/k/a Shannon Slaughter, is indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of Two Hundred Eighty-Three Thousand Two Hundred Thirty-Three and 05/100 ($283,233.05) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to the Defendant.

52. Defendant Shannon R. Moore a/k/a Shannon Slaughter's breach is knowing, willful, and continuing.

53. Defendant Shannon R. Moore a/k/a Shannon Slaughter's, as affected by Defendant's discharge in bankruptcy and, accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property, breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

54. The total debt owed under the Note and Mortgage as of May 2, 2019, if no payments are made, is Two Hundred Eighty-Three Thousand Two Hundred Thirty-Three and 05/100 ($283,233.05) Dollars, which includes:

| Description | Amount |
| --- | --- |

| | |
|---|---|
| Principal Balance | $215,387.17 |
| Interest | $27,033.88 |
| Escrow/Impound Required | $27,230.44 |
| Late Fees | $133.06 |
| Total Advances | $1,051.50 |
| Deferred Amounts | $12,397.00 |
| Grand Total | $283,233.05 |

55. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

56. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. Wilmington Finance, a division of AIG Federal Savings Bank, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendant, Shannon R. Moore a/k/a Shannon Slaughter, $220,000.00.  *See* Exhibit B.

58. The Defendant, Shannon R. Moore a/k/a Shannon Slaughter, as affected by Defendant's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property, is in default for failure to properly tender the November 1, 2013 payment and all subsequent payments. *See* Exhibit J.

59. As a result of the Defendant's failure to perform under the terms of their obligation, the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

60. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit.*

## COUNT V –UNJUST ENRICHMENT

61. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 60 as if fully set forth herein.

62. Wilmington Finance, a division of AIG Federal Savings Bank, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, $220,000.00.  *See* Exhibit B.

63. The Defendant, Shannon R. Moore a/k/a Shannon Slaughter, as affected by Defendant's discharge in bankruptcy and, accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property, has failed to repay the loan obligation.

64. As a result, the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, as affected by Defendant's discharge in bankruptcy and, accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to Wilmington Finance, a division of AIG Federal Savings Bank by having received the aforesaid benefits and money and not repaying said benefits and money.

65. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a)  Issue a judgment of foreclosure in conformity with Title 14 § 6322, as affected by Defendant, Shannon R. Moore a/k/a Shannon Slaughter, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, but only seeks in rem judgment against the property;

b)  Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c)  Find that the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, as affected by Defendant's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property, is in breach of the Note by failing to make payment due as of November 1, 2013, and all subsequent payments;

d)  Find that the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, is in breach of the Mortgage by failing to make payment due as of November 1, 2013, and all subsequent payments;

e)  Find that the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f)  Find that the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, as affected by Defendant's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property, is in breach of contract by failing to comply with the terms and conditions of the  Note and Mortgage by failing to make the payment due November 1, 2013 and all subsequent payments;

g)  Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, as affected by Defendant's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property, is entitled to enforce the terms and conditions of the Note and Mortgage;

h)  Find that by virtue of the money retained by the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, as affected by Defendant's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property, has been unjustly enriched at the Plaintiff's expense;

i)  Find that such unjust enrichment, as affected by Defendant's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property, entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

j)  Find that the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, as affected by Defendant's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property, is liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

k)  Find that the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, as affected by Defendant's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, as affected by Defendant's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Shannon R. Moore a/k/a Shannon Slaughter, as affected by Defendant's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, as affected by Defendant's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property, is entitled to restitution for this benefit from the Defendant, Shannon R. Moore a/k/a Shannon Slaughter;

o) Determine the amount due on said Mortgage and Note, as affected by Defendant's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property, including principal, interest, reasonable attorney's fees and court costs;

p)  Additionally, issue a money judgment against the Defendant, Shannon R. Moore a/k/a

Shannon Slaughter, as affected by Defendant's discharge in bankruptcy and, accordingly, this

action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks in

rem judgment against the property, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as

Trustee for LSF9 Master Participation Trust, in the amount of Two Hundred Eighty-Three

Thousand Two Hundred Thirty-Three and 05/100 ($283,233.05) Dollars, the total debt

owed under the Note plus interest and costs including attorney's fees and costs;

q)  For such other and further relief as this Honorable Court deems just and equitable.


Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9
Master Participation Trust,
By its attorneys,

Dated:  April 12, 2019

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670