UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 2:19-cv-00157-JAW ) |
| SHANNON R. MOORE, | ) ) |
| Defendant, | ) ) |
| STEVE THOMES, | ) ) |
| Party-in-Interest. | ) |

**ORDER AFFIRMING ORDER OF THE MAGISTRATE JUDGE**

The United States Magistrate Judge filed with the Court on November 25, 2019, his Order on Defendant's Pending Motions. *Order on Def.'s Pending Mots.* (ECF No. 35) (*Order*). The order addressed filings of Defendant Shannon Moore which the Magistrate Judge interpreted as "a motion for entry of default and challenge to the jurisdiction of the Court (ECF No. 22), a motion for administrative declaratory judgment (ECF No. 32), and a motion to compel restitution (ECF No. 32)." *Id.* Ms. Moore filed her objection to the order on November 26, 2019, *see Order to Strike Magistrate's Order (ECF 35) and Replace with Sovereign Pet'r's Order to Dismiss with Prejudice* (ECF No. 39) (*Def.'s Obj.*), and U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (U.S. Bank) filed its response to the objection on December 16, 2019. *See Pl.'s Opp'n to Def.'s Mot. to Reconsider Ct. Orders Under ECF Doc. 28, 29, 30, and 35* (ECF No. 40).

Ms. Moore argues that the Magistrate Judge has erred "by mis[]representing the status of the Sovereign with the word 'defendant' in conflict with the Petitioner commercial affidavit E[CF] 15-1 and counter claim E[CF] 16 and all documents thereafter." *Def.'s Obj.* at 2. This argument stems from Ms. Moore's self-description as "the Sovereign In Fact Shannon," *id.* at 1, or elsewhere "Moore: Shannon, as Woman, Sovereign Petitioner." *Id.* at 13. In her objection, she describes "three categories of people in our Corporate United States": (1) Sovereign peoples "who are the beneficiaries and heirs to the said 'we the people'"; (2) Government persons/people, who are "employees of one of the many corporations with the associated name iteration of 'The United States'"; and (3) Statutory Citizens, "who are consciously or unconsciously 14th amendment citizens . . .." *Id.* at 6. Although she seems to place herself in the first category of people, Ms. Moore does not directly propose that because she describes herself as Sovereign, she is immune from suit or retains a special legal status that affects her susceptibility to a civil action. Whatever way she elects to describe herself, for purposes of this lawsuit, Ms. Moore is the Defendant, and the Magistrate Judge did not err by referring to her as such.

Ms. Moore states that the Magistrate Judge "erred by taking 4 weeks versus three days in addressing the lack of jurisdiction issue." *Id.* However, Ms. Moore cannot impose any deadline on the Magistrate Judge simply by writing "72 HOURS TO DEFAULT OF WRONGDOER" in her filing. *Judicial Notice* at 1 (ECF No. 22) (emphasis omitted).

Ms. Moore contends that the Magistrate Judge "has failed to recognize that the ADMINISTRATIVE DECLARATORY JUDGMENT instrument is a binding contract by operation of law that has already been recognized as the valid instrument that has expunged alleged petitioner[']s debt and discharged the recorded mortgage" and that therefore, U.S. Bank has "fail[ed] to state a claim upon which relief can be granted." *Def.'s Obj.* at 2. Ms. Moore appears to be referring to the second attachment to her filing entitled "Claimant's Administrative Declaratory Judgment, Motion to Compel Restitution Payment." *Claimant's Admin. Declaratory J., Mot. to Compel Restitution Payment* (ECF No. 32). The attachment, entitled "Administrative Declaratory Judgment," appears to be Ms. Moore's attempt to unilaterally find that U.S. Bank's failure to respond to one of her previous filings allowed her to impose a final judgment on U.S. Bank that discharged the mortgage and loan at issue in this case. *Id.*, Attach. 2. Ms. Moore does not have the power to impose deadlines on other parties to this litigation or create consequences for failure to comply with her deadlines.

The Court reviewed the remainder of Ms. Moore's objection and determined that it does not relate to the Magistrate Judge's reasoning.

The Court has reviewed and considered the Magistrate Judge's Order, together with the entire record; the Court has made a <u>de novo</u> determination of all matters adjudicated by the Magistrate Judge's Order; and the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his Order, and determine that no further proceeding is necessary.

It is therefore ORDERED that the Magistrate Judge's Order on Defendant's Pending Motions (ECF No. 35) be and hereby is AFFIRMED. The Court OVERRULES Defendant Shannon R. Moore's "Order to Strike Magistrate's Order (ECF 35) and Replace with Sovereign Petitioner's Order to Dismiss with Prejudice" (ECF No. 39); DENIES Defendant Shannon R. Moore's "Judicial Notice 72 Hours to Default of Wrongdoer" (ECF No. 22); and DENIES Defendant Shannon R. Moore's "Claimant's Administrative Declaratory Judgment, Motion to Compel Restitution Payment" (ECF No. 32).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 15th day of January, 2020