# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| US BANK TRUST, N.A., as Trustee<br>For LSF9 Master Participation Trust, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | 2:19-cv-00157-JAW |
| SHANNON R. MOORE, et al., | )<br>)<br>) | |
| Defendants | ) | |

## RECOMMENDED DECISION ON
## MOTION FOR SUMMARY JUDGMENT

Defendant Shannon Moore (Defendant) has moved for summary judgment in this foreclosure action. (Motion, ECF No. 56.) Defendant contends that Plaintiff lacks proof that it owns the mortgage that is the subject of this action.

After review of the parties' summary judgment filings, I recommend the Court deny Defendant's motion for summary judgment.

## DISCUSSION

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court reviews the factual record in the light most favorable to the non-moving party, resolving evidentiary conflicts and drawing reasonable inferences in the non-movant's favor. *Perry v. Roy*, 782 F.3d 73, 77 (1st Cir. 2015). If a court's review of the record reveals evidence sufficient to support findings in favor of the non-moving party on one or more of the plaintiff's claims, a trial-worthy controversy exists,

and summary judgment must be denied as to any supported claim. *Id.* ("The district court's role is limited to assessing whether there exists evidence such that a reasonable jury could return a verdict for the nonmoving party." (internal quotation marks omitted)). Unsupported claims are properly dismissed. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

By rule, a party seeking summary judgment must file, in addition to its summary judgment motion, a supporting statement of material facts setting forth each fact in a separately numbered paragraph, with each factual statement followed by a citation to evidence of record that supports the factual statement. D. Me. Loc. R. 56(b). A party's pro se status does not relieve the party of the obligation to comply with the court's procedural rules.[1]

Here, Defendant has not complied with Local Rule 56(b), nor has she otherwise filed an appropriate summary judgment record. Furthermore, Defendant's challenges to the validity of the documents that Plaintiff filed in support of its claim are without merit. (Defendant's Reply at 2 – 5, ECF No. 64.) In short, Defendant is not entitled to summary judgment.

---

[1] "[T]he Court is required to maintain a strict neutrality between opposing parties and even though a more forgiving reading may be appropriate for a pro se party in the summary judgment context, it is also true that '[j]udges and magistrate judges who review these filings must be able to rely on procedural rules so as to avoid becoming the lawyer for the unrepresented [party] or devoting an excessive portion of their time to such cases.'" *United States v. Baxter*, 841 F. Supp. 2d 378, 383 (D. Me. 2012) (quoting *Clarke v. Blais*, 473 F. Supp. 2d 124, 129 (D. Me. 2007)).

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Defendant's motion for summary judgment.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of March, 2020.