UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 2:19-cv-00157-JAW ) |
| SHANNON R. MOORE, | ) ) |
| Defendant, | ) ) |
| STEVE THOMES, | ) ) |
| Party-in-Interest. | ) |

**ORDER AFFIRMING THE
RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

Having performed a de novo review of a pro se defendant's motion for summary judgment, the Court overrules the defendant's objection and affirms the magistrate judge's report and recommended decision because the defendant has sought to present new arguments and evidence before the district judge that she did not present before the magistrate judge, the new evidence consists of affidavits of what transpired during a judicial settlement conference and violates the best evidence rule, the defendant failed to comply with the District's local rules for summary judgment practice, and there are genuine issues of material fact that preclude summary judgment.

## I. BACKGROUND

### A. Procedural History

On April 12, 2019, United States Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (U.S. Bank) filed a foreclosure complaint against Steve Thomes and Shannon R. Moore. *Compl.* (ECF No. 1). Mr. Thomes has been defaulted, *Order Granting Mot. for Entry of Default* (ECF No.10), and Ms. Moore filed a pro se answer to the Complaint. *Shannon R. Moore Answer to Compl. for Foreclosure Compl.* (ECF No. 8). On January 31, 2020, Ms. Moore filed a motion for summary judgment entitled "Order for Summery Judgment."[1] *Def.'s Mot. for Summ. J.* (ECF No. 56) (*Def.'s Mot.*). On February 11, 2020, U.S. Bank responded. *Pl.'s Opp'n to Def.'s ECF Docket Entry No. 56* (ECF No. 57) (*Pl.'s Opp'n*). On March 6, 2020, Ms. Moore replied in a filing entitled, "Motion to Affirm Order for Summary Judgment."[2] *Def.'s Reply* (ECF No. 64).

On March 13, 2020, the Magistrate Judge issued a recommended decision in which he recommended that the Court deny Ms. Moore's motion for summary judgment. *Recommended Decision on Mot. for Summ. J.* (ECF No. 65) (*Rec. Dec.*). On March 19, 2020, Ms. Moore objected to the Recommended Decision. *Mot. to Reconsider Recommended Decision on Mot. for Summ. J.* (ECF No. 68) (*Def.'s Obj.*). On April 6, 2020, U.S. Bank filed a response to Ms. Moore's objection. *Pl.'s Resp. to Def.'s Mot. to Reconsider/Obj. to Report and Recommended Decision* (ECF No. 69) (*Pl.'s Resp.*). On April 14, 2020, Ms. Moore filed a reply. *Claimant's Resp. to*

---

[1] In referring to Ms. Moore's motion, the Court cited her motion in the traditional way.
[2] In referring to Ms. Moore's reply, the Court cited her reply in the traditional way.

*Wrongdoer's Resp. to Mot. to Recons. Summ. J. Mot. to Dismiss* (ECF No. 71) (*Def.'s Obj. Reply*).

### B. Factual Backdrop

U.S. Bank's foreclosure complaint concerns a property located at 69 Veranda Street in Portland, Maine. *Compl.* ¶ 7. U.S. Bank alleges that Ms. Moore obtained title to the property on November 30, 2001, *id.*, and that on November 22, 2005, Ms. Moore borrowed $220,000 from Wilmington Finance, a division of AIG Federal Savings Bank, and to secure the note, Ms. Moore executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Wilmington Finance. *Id.* ¶¶ 8-9. After a series of assignments, U.S. Bank alleges that it received an assignment of the mortgage on December 2, 2016, and is "the present holder of the [n]ote pursuant to endorsement by the previous holder . . ., payment of value and physical possession . . .. *Id.* ¶¶ 10-14, 19. U.S. Bank alleges that on February 27, 2013, Ms. Moore executed a Home Affordable Modification Agreement, which increased the principal amount of the note to $230,760. *Id.* ¶ 15. U.S. Bank alleges that it sent Ms. Moore a right to cure notice on February 15, 2019 and she failed to cure her default, resulting in the filing of the foreclosure complaint.[3] *Id.* ¶¶ 16-24. As of the date of the filing of the Complaint, U.S. Bank alleged that the amount due and owing on the note and from other allowable charges was $283,233.05. *Id.* ¶ 23.

---

[3] U.S. Bank alleged that Steve Thomes had a second mortgage in the amount of $21,000 and it impleaded him as a party in interest, but, as noted earlier, Mr. Thomes has been defaulted. *Compl.* ¶ 22.

## II.     THE MOTION FOR SUMMARY JUDGMENT

### A.     Shannon Moore's Motion

Ms. Moore grounds her motion for summary judgment on the contention that U.S. Bank "does not have the genuine mortgage required to foreclose on" and therefore does not have "standing . . .." *Def.'s Mot.* at 2-5. She expands by stating that U.S. Bank has neither a "genuine mortgage" nor a "genuine mortgage note." *Id.* at 4. She also alleges that the Court failed to accord her due process of law. *Id.*

### B.     U.S. Bank's Response

U.S. Bank objected on the basis that Ms. Moore's motion did not provide a legal basis for summary judgment and she had failed to comply with the procedural requirements for such a motion. *Pl.'s Opp'n* at 1-2. U.S. Bank also noted that the matter had been scheduled for a judicial settlement conference and any motion practice should be suspended. *Id.* at 2.

### C.     Shannon Moore's Reply

In reply, Ms. Moore set forth some additional allegations. *Def.'s Reply* at 1-4. She claimed that U.S. Bank's Complaint failed to contain a certification of proof of ownership of the mortgage note and evidence of the mortgage note, mortgage and all assignments and endorsements as required by 14 M.R.S. § 6321. *Id.* at 1-2. She claimed that the documents produced before Magistrate Judge Rich at the settlement conference were not in compliance with the statute. *Id.* at 2-4.

### III. THE RECOMMENDED DECISION

On March 13, 2020, the Magistrate Judge issued a recommended decision in which he observed that Ms. Moore had failed to comply with Rule 56(b) of the Local Rules of the District of Maine. *Rec. Dec.* at 2. The Magistrate Judge also concluded that the "Defendant's challenges to the validity of the documents that Plaintiff filed in support of its claim are without merit." *Id.* The Magistrate Judge recommended that the Court deny the Defendant's motion for summary judgment. *Id.* at 3.

### IV. THE OBJECTION, RESPONSE AND REPLY

#### A. Shannon Moore's Objection

In her objection, Ms. Moore asserts that she filed certain documents in support of her motion for summary judgment, but the Clerk's Office misfiled them in Docket Number 2:20-cv-48-JAW. *Def.'s Obj.* at 3. She states that "[t]his may explain the Court's confusion about evidence, i.e. the Court was unaware of this mis[]-filed evidence." *Id.* The evidence Ms. Moore says she filed in Docket Number 2:20-cv-00048-JAW consisted of her own affidavit and an affidavit signed by Stephen E. Monahan, both of which she attached to her objection. *Id.* Ms. Moore's affidavit discusses what happened at the March 3, 2020, settlement proceeding before Magistrate Judge Rich; she states that she viewed the documents that U.S. Bank produced and they were not genuine. *Id.* Attach. 1, *Commercial Aff.* at 1-2. Mr. Monahan's affidavit also addresses his perspective of what occurred before Magistrate Judge Rich at the judicial mediations on January 23, 2020 and March 3, 2020. *Id.* Attach. 2, *Commercial Aff.* Mr. Monahan claims that the documents U.S.

Bank produced at the mediation were not genuine and that the mortgage was discharged on "11/20/2020 by instrument with Book 36191 Page 265." *Id.* 1-2. In her objection, Ms. Moore reiterates what she views as the evidentiary issues with the mortgage and note produced by U.S. Bank at the mediation. *Def.'s Obj.* at 3-7. Ms. Moore concludes by describing the foreclosure case against her as "a nullity" and requests that the Court reconsider the Magistrate Judge's Recommended Decision. *Id.* at 7.

### B. U.S. Bank's Response

U.S. Bank first notes that Ms. Moore filed not an objection but a motion for reconsideration and argued that Ms. Moore failed to comply with the statutory and procedural directives for objecting to a Recommended Decision. *Pl.'s Resp.* at 1-2. Next, U.S. Bank states that Ms. Moore objected to the Magistrate Judge's decision on some issues she raised before him but that she also raised new issues and supplied a new record. *Id.* at 2. Third, U.S Bank contends that Ms. Moore's objections are without merit. *Id.* at 3-5.

### C. Shannon Moore's Reply

Ms. Moore reiterates her position that U.S. Bank did not have standing to commence a foreclosure proceeding against her, referring again to its use of "defective documents . . .." *Def.'s Obj. Reply* at 1. She writes that "[t]he Court is an agent entity designed to serve and protect the people; its failure to stop the transgressions of the Wrongdoer is treason against the people it serves." *Id.* at 2. She concludes: "SUMMARY – LACK OF STANDING." *Id.*

6

## V. DISCUSSION

"When . . . a magistrate judge passes upon a dispositive motion, he or she may only issue a recommended decision, and if there is a timely objection, the district judge must engage in de novo review." *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010) (citing FED. R. CIV. P. 72(b)).

Courts are generally more relaxed about compliance with procedural rules when a litigant is acting pro se. For example, "[t]he Supreme Court has long held that complaints drafted by non-lawyers are to be construed with some liberality." *Instituo de Educacion Universal Corp. v. U.S. Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). Even so, the First Circuit has written that "pro se status does not free a litigant in a civil case of the obligation to comply with procedural rules." *Goguen v. Allen*, 780 F.3d 437, 457 n.58 (1st Cir. 2015) (quoting *Rivera v. Riley*, 209 F.3d 24, 28 n.2 (1st Cir. 2000), *abrogated on other grounds by de Aza-Paez v. United States*, 343 F.3d 552 (1st Cir. 2003)). There are five reasons why Ms. Moore's objection must fail.

First, Ms. Moore now seeks to present evidence to the Court that she never presented to the Magistrate Judge when her motion was before him. The material includes her affidavit, the affidavit of Mr. Monahan, and documents. This she cannot do, despite judicial leniency toward pro se litigants. "Parties must take before the magistrate, not only their 'best shot' but all of their shots." *Borden v. Sec'y of Health and Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (per curiam) (internal quotation marks and citation omitted). Ms. Moore is "not entitled to a de novo review of an

7

argument never raised." *Id.* at 6. The First Circuit has held that "an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate." *Guillemard-Ginorio v. Contreras-Gomez*, 490 F.3d 31, 37 (1st Cir. 2007) (quoting *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988)). On this basis alone, Ms. Moore's objection must fail to the extent she is seeking to present the Court with arguments and evidence never before pressed.

Second, both Ms. Moore and Mr. Monahan ask the Court to consider matters that took place before the Magistrate Judge during a judicial settlement proceeding. Federal Rule of Evidence 408 generally prohibits parties to a case from introducing into evidence "conduct or . . . statement[s] made during compromise negotiations about the claim" for the purpose of "disprov[ing] the validity or amount of a disputed claim . . .." FED. R. EVID. 408(a)(2). Here, Ms. Moore has presented the Court with affidavits related to events that took place during the settlement sessions before the Magistrate Judge and under Rule 408(a)(2), the Court may not consider such statements. *McInnis v. A.M.F., Inc.*, 765 F.2d 240, 247-52 (1st Cir. 1985).

Third, both Ms. Moore and Mr. Monahan ask the Court to accept their testimony about what a document revealed. Their affidavits violate the "best evidence rule," which requires that "[w]hen [a party] seek[s] to prove the contents of a writing," the party must "introduce the original writing or a duplicate." *Portland Pipeline Corp. v. City of S. Portland*, No. 2:15-cv-00054-JAW, 2018 U.S. Dist. LEXIS 99692, at *8 (D. Me. Jun. 14, 2018) (citing FED. R. EVID. 1002-03).

8

Fourth, Ms. Moore has failed to comply with the rules of court regarding her dispositive motion. The Local Rules of the District of Maine require a party to file a statement of undisputed material facts with appropriate record citations. D. ME. LOC. R. 56(b). Ms. Moore has not complied with the provisions of this rule and on this basis, the Court may dismiss her dispositive motion.

Fifth, turning to the substance of Ms. Moore's objection, the Court concludes that even if it reached the merits of her motion for summary judgment, the motion must fail because Ms. Moore has not sustained her burden to demonstrate that there is no genuine issue of material fact regarding whether U.S. Bank has a valid mortgage and note. Ms. Moore charges that the mortgage and note are not genuine; U.S. Bank contends that they are genuine and enforceable. In the context of this dispositive motion, the Court may not find facts and instead is required to view contested facts in the light most favorable to U.S. Bank. *See Mancini v. City of Providence ex rel. Lombardi*, 909 F.3d 32, 37 (1st Cir. 2018) (citing *Ahern v. Shinseki*, 629 F.3d 49, 51 (1st Cir. 2010); *Gillen v. Fallon Ambul. Serv., Inc.*, 283 F.3d 11, 17 (1st Cir. 2002)).

The Court reviewed and considered the Magistrate Judge's Order, together with the entire record; the Court has made a de novo determination of all matters adjudicated by the Magistrate Judge's Order; and the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his Order and as further expanded in this Order and determines that no further proceeding is necessary.

## VI. CONCLUSION

The Court ORDERS that the Magistrate Judge's Recommended Decision on Motion for Summary Judgment (ECF No. 65) be and hereby is AFFIRMED. The Court OVERRULES Defendant Shannon R. Moore's Motion to Reconsider Recommended Decision on Motion for Summary Judgment (ECF No. 68) and DENIES Defendant Shannon R. Moore's Motion for Summary Judgment (ECF No. 56).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of April, 2020