UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 2:19-cv-00157-JAW |
| SHANNON R. MOORE, | ) ) ) | |
| Defendant, | ) ) | |
| STEVE THOMES, | ) ) | |
| Party-in-Interest. | ) | |

**ORDER ON DEFENDANT'S LATE-FILED REPLY**

On November 19, 2021, the Court issued a judgment of foreclosure and sale in favor of U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (U.S. Bank), mortgagee, against Shannon R. Moore, a/k/a Shannon Slaughter, the owner and mortgagor of 69 Veranda Street, Portland, Maine 04103. *J. of Foreclosure and Sale* (ECF No. 218). On December 13, 2021, Ms. Moore filed a motion to vacate void judgment. *Mot. to Vacate Void J.* (ECF No. 224). On January 3, 2022, U.S. Bank filed its opposition to Ms. Moore's motion to vacate. *Pl.'s Resp. in Opp'n to Def.'s Mot. to Vacate Void J.* (ECF No. 227). On January 20, 2022, Ms. Moore filed her reply. *Reply to Purported Pl.'s Resp. to Opp'n to Purported Def.'s Mot. to Vacate Void Purported Action* (ECF No. 228). On February 16, 2022, the Court issued an order, denying Ms. Moore's motion to vacate void judgment. *Order Denying Def.'s Mot. to*

*Vacate Void J.* (ECF No. 229) (*Order on Mot. to Vacate*). On Thursday, February 24, 2022, Ms. Moore filed another set of documents with the Clerk of Court: (1) a motion to vacate void judgment, (2) a proposed order, and (3) proof of service. *Mot. to Vacate Void Proceedings* (ECF No. 231) (*Def.'s Second Mot. to Vacate*); *id.*, Attach. 1, *Order*; *id.*, Attach. 2, *Proof of Serv.*

The first problem with Ms. Moore's most recent filing is that it violates a *Cok*[1] order against her. *Final Cok Order* (ECF No. 226) (*Final Cok Order*). On November 29, 2021, the Court issued an order to show cause as to why the Court should not impose filing restrictions against her for filings involving real estate or mortgages. *Show Cause Order Pursuant to Cok v. Family Court of Rhode Island* (ECF No. 219). On December 23, 2021, the Court issued a final *Cok* order. *Final Cok Order*. The Order provides in relevant part:

> Except for filings, if any, challenging this Order, the Court prohibits any further filings by . . . Shannon Moore . . . on any matter involving real estate or mortgages without prior permission from this Court. If . . . Shannon Moore . . . wish[es] to file any other pleadings in this Court, including new lawsuits, [she] must file a motion for leave to file the specific pleading. In the motion for leave, [she] must explain the type of pleading [she] seek[s] to file, [she] must attach the proposed pleading to the motion, and the motion for leave to file must not exceed three pages. A judge shall review the proposed pleading and the motion for leave to file and will determine whether such a pleading shall be allowed. In the absence of a court order allowing a pleading, the Court directs the Clerk not to accept . . . Shannon Moore's . . . filings and to instead return them to [her] immediately.

*Id.* at 1-2. Furthermore, in its February 16, 2022, order denying her motion to vacate void judgment, the Court expressly informed Ms. Moore that she:

---

[1]   *Cok v. Family Ct. of R.I.*, 985 F.2d 32 (1st Cir. 1993).

> should be aware that should she wish to file further documents with the Court, she must formally request leave of the Court to do so as the Court's *Cok* Order requires.

*Order on Mot. to Vacate* at 20. However, Ms. Moore simply filed these newest documents with the Court without seeking prior permission to do so, ignoring the Court's orders that require her to do so.

If Ms. Moore had made the required motion for leave to file these three documents, the Court would have denied it. The reason is that in her newest motion, Ms. Moore merely reiterates her theories that the mortgage note and mortgage in this case were "altered/forged/bifurcated" documents, *Def.'s Second Mot. to Vacate* at 1, and that Maine law did not allow the admission of these documents into evidence at the November 15, 2021, bench trial. *Id.* at 2-3. Ms. Moore previously made these same arguments and the Court rejected them. *Order on Mot. to Vacate* at 1-21. The Court views these arguments as repetitive, previously rejected, and frivolous. The Court has directed the Clerk to docket Ms. Moore's newest filings solely in order to allow for appellate review.

The second problem is that, as the Court noted in its order denying Ms. Moore's motion to vacate, Ms. Moore walked out of the courtroom during the middle of the bench trial and she waived the right to present any evidence or argument that could have been raised if she had remained. In her recent filing, Ms. Moore says, "I left the court room because the purported Judge was intent on practicing law from the bench as the court plainly had no jurisdiction/discretion." *Def.'s Second Mot. to Vacate* at 2. This statement betrays Ms. Moore's utter contempt for the judicial process and the

federal court. If the judge does not rule in her favor, she walks out of the trial, leaving the judge on the bench and opposing counsel and witnesses in the courtroom.

Thirdly, Ms. Moore does not have the right to file motion after motion, reiterating her previously rejected contentions. Generously construed, this new motion could be deemed a motion for reconsideration. *See* D. ME. LOC. R. 7(f). If so, it fails because "[t]he standard for reconsideration is whether the order 'was based on a manifest error of fact or law.'" *Murphy v. Corizon*, No. 1:12-cv-00101-JAW, 2012 U.S. Dist. LEXIS 152731, at *7 (D. Me. Oct. 24, 2012) (quoting D. ME. LOC. R. 7(f)). Ms. Moore merely restates her determined contention that Maine substantive law, as she interprets it, trumps the Federal Rules of Evidence. The Court thoroughly addressed and rejected these very same arguments in its February 16, 2022, order. *See Order on Mot. to Vacate* at 1-21.

Alternatively, "[a] party may present newly discovered evidence in a motion for reconsideration; however, the standard for newly discovered evidence is that the evidence be not only new to the litigant but not previously available." *Murphy*, 2012 U.S. Dist. LEXIS 152731, at *7 (citing *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006)). A party "cannot . . . employ a motion for reconsideration as the vehicle to place before the court evidence that could and should have been presented prior to the court's . . . judgment." *Ayotte v. Barnhart*, No. 1:11-cv-331-JHR, 2014 U.S. Dist. LEXIS 5680, at *7 (D. Me. Jan. 15, 2014). This is particularly true here since Ms. Moore not only declined to question the foundational witness but walked

4

out of the courtroom in the middle of the trial and thus waived the right to present any evidence on her own behalf.

Ultimately, Ms. Moore has the right to challenge this Court's rulings on appeal, but she does not have the right to "repeatedly return to the district court in an effort to convince the trial court by repetition what she failed to convince the Court initially." *Murphy*, 2012 U.S. Dist. LEXIS 152731, at *8-9.

The Court DECLINES to grant Shannon Moore's presumed motion for leave to file her motion for reconsideration because the Court has previously rejected the contentions in her proposed motion and therefore her motion is not only previously rejected, but also repetitive and frivolous. The Court ORDERS the Clerk of Court to docket Ms. Moore's proposed filings but only so they may be reviewed by the Court of Appeals for the First Circuit if Ms. Moore elects to appeal. Finally, if the Court considered the new filings on their merits, the Court would have dismissed them because they fail to meet the standards for a motion for reconsideration.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of March, 2022